Filed
7/28/2014 2:37:31 PM
Patsy Perez
District Clerk
Nueces County, Texas

CAUSE NO. 2014CCV-61515-3

| | | |
|---|---|---|
| KAREN PUGH WRIGHT | § § § | IN THE COUNTY COURT |
| VS. | § § § § | AT LAW NO._____ |
| CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES | § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

NOW COMES Karen Pugh Wright, hereinafter sometimes referred to as "Plaintiff", complaining of Defendant Cytometry Specialists, Inc. d/b/a CSI Laboratories, hereinafter sometimes referred to as "Defendant" or "CSI," and for cause of action would show:

### I.

### Discovery Track

1.1 Plaintiff intends that discovery in this suit be conducted under Level Three (3), pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an Order, agreed or otherwise, to this effect.

### II.

### Notice

2.1 Plaintiff has fully complied with the notice provisions of § 74.051 and § 74.052 of the Texas Civil Practice and Remedies Code, and shall provide such evidence thereof as the judge of the court may require to determine that such provisions have been met.


EXHIBIT 3

## III.

### Parties and Service

3.1     At all times relevant herein, Plaintiff Karen Pugh Wright was and is a resident of Nueces County, Texas.

3.2     At all times relevant herein, Defendant Cytometry Specialists, Inc. d/b/a CSI Laboratories was and is a domestic or foreign for profit corporation whose principal place of business is in Fulton County, Georgia at 2580 Westside Parkway, Alpharetta, Georgia 30004 and can be served with Citation of service by private process upon its registered agent/CFO/Secretary, M. H. Ghafary at 2580 Westside Parkway, Alpharetta, Georgia, 30004.

## IV.

### Formal Request for Identification of Correct Parties

4.1     Pursuant to the provisions of Rule 28, TEX. R. CIV. P., Plaintiff formally moves that Defendant provide its true and correct name within its Original Answer so that the same may be substituted herein for purposes of eliminating any inaccuracy and/or misnomer.

## V.

### Venue and Jurisdiction

5.1     Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.2     Venue of all causes of action contained herein are proper and appropriate in this Court and in Nueces County, Texas, as all or a substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred in Nueces County, Texas. Pursuant to the

provisions of § 15.002(a)(1), TEX. CIV. PRAC. & REM. CODE ANN., this suit may be brought in the county where all or a substantial part of the events or omissions giving rise to the claims

## VI.

### Factual Background

6.1  It has become necessary to bring this litigation because of severe injuries and extensive damages sustained by Plaintiff as a result of the negligence of Defendant. Specifically, Defendant failed to properly diagnose Plaintiff's medical condition, leading to a disastrous course of invasive treatment which has permanently and negatively impacted Plaintiff's life.

6.2  Defendant Cytometry Specialists, Inc. d/b/a CSI Laboratories operates a laboratory and/or medical testing facility whose pathologists performed consultative and diagnostic tests on specimens collected by Plaintiff's primary medical providers through the Christus Spohn Hospital network. Defendant holds itself out as a *specialized cancer diagnostic laboratory focused specifically on meeting the unique needs and challenges of pathologists and the patients they serve* and which is *independently owned and operated by medical professionals, and has provided reliable and expert diagnostic testing to pathologists across the United States.*

6.3  The events giving rise to the subject litigation began when Plaintiff was initially seen in the emergency room of Christus Spohn Hospital - Memorial on May 8, 2012 with complaints of right shoulder/arm pain which increased with taking a deep breath and which were thought to be muscular in nature. Plaintiff was discharged that same day with pain medication. However, when the pain progressed to intolerable, Plaintiff returned to the same emergency room on May 16, 2012. The attending physician noted that the chest radiographs and CT imaging obtained during the May 16, 2012

admission revealed a mass in the right apex approximately 3 x 5 cm next to the posterior wall. In relation to that finding, Plaintiff was admitted for a CT guided right lung biopsy on May 18, 2012.

6.4  Based upon Plaintiff's preliminary diagnosis, Defendant was called upon in its expert capacity to evaluate the blood samples and subsequent material specimens taken from Plaintiff and provided to Defendant between the dates of May 18, 2012 and May 22, 2012 in order to render a medically specialized expert diagnosis, opinion, result, final result, interpretation and/or recommendation in relation to the same. Defendant, its Medical Director, Lawrence Herzberg, M.D., its physicians and/or pathologists, known and unknown, who tested and/or examined the blood samples and material specimens taken from Plaintiff in order to render a medically specialized expert diagnosis, opinion, result, final result, interpretation and/or recommendation, including but not limited to, Stephanie Schniederjan, M.D., Steve Kargas, M.D., PhD. and Jose Mira, M.D., rendered a final diagnosis of poorly differentiated non-small-cell (non-squamous) carcinoma of primary lung origin.

6.5  Based upon Defendant's medically specialized expert diagnosis, Plaintiff was ultimately placed under the care of an oncologist whose office visit note of May 31, 2012 states *57 year old female new patient with Bronchus and lung cancer here for hospital follow-up. Patient has a history of breast cancer. Labs were reviewed and discussed with patient. Physical shows pain in right shoulder, discomfort when breathing. I will give patient chemo and radiation to follow. Return for PET scan.* Plaintiff then endured a long and painful course of chemotherapy and radiation under the care of her oncologist which ended on August 22, 2012. However, it was not until March 2013 before Plaintiff's Mediport was able to be removed.

6.6     In October 2012, Plaintiff's oncologist referred Plaintiff to a local physician for a surgical consultation of the mass on Plaintiff's right upper lung lobe. On October 19, 2012, Plaintiff underwent a right thoracotomy and right upper lobectomy as a curative measure for the bronchogenic carcinoma at Corpus Christi Medical Center. Plaintiff's surgeon reports that Plaintiff's post-surgical course was difficult and complicated which resulted in Plaintiff's transfer to the ICU for management of her hypoxemia secondary to atelectasis of the right lung via a bronchoscopy.

6.7     The Pathology Report from Corpus Christi Medical Center Laboratory, Doctors Regional, of October 19, 2012 indicates *Sections of the A specimen show benign lung tissue containing a large area of necrosis with palisading histiocytes surrounding. There are also areas of foamy histiocytes and cholesterol debris. Acid-fast and fungal stains are performed to evaluate the necrosis and are negative for diagnostic organisms. The bronchial margin is unremarkable. There is a single peribronchial lymph node which is examined and is negative for malignancy. Sections of the B, C and D specimens show benign lymph nodes exhibiting sinus histiocytosis and anthracosis. No malignancy is seen.*

6.8     Plaintiff was devastated to learn that she had been mis-diagnosed as she did not have lung cancer but organized Pneumonia. Plaintiff was at all times material hereto unlearned and unskilled in the practice of medicine. Plaintiff relied and depended upon Defendant's competency and skill, *a specialized cancer diagnostic laboratory focused specifically on meeting the unique needs and challenges of pathologists and the patients they serve,* and its medical professionals to provide *reliable and expert diagnostic testing to pathologists across the United States.* Based upon Defendant's failure to properly diagnose Plaintiff's medical condition, she was given a horrific and inaccurate diagnosis,

-5-

forced to endure a long and painful course of chemotherapy and radiation, forced to undergo a curative surgical procedure which she did not require, and has suffered post-surgical complications for which she was admitted into an ICU and, from which she continues to suffer physically today.

## VII.

### Negligence

7.1 Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

7.2 Pleading further, and in the alternative, through its failure to properly diagnose Plaintiff's medical condition, Defendant was negligent and its actions and inactions violated the standard of care and fell below the applicable standard owed to Plaintiff. Specifically, Defendant failed to accurately assess Plaintiff's medical condition and render an appropriate diagnosis as a reasonably prudent physician and/or specialized diagnostic provider would have done under the same or similar circumstances.

7.3 The acts and/or omissions of Defendant constitutes negligence. The conduct was therefore a proximate cause of the injuries and damages sustained by Plaintiff.

## VIII.

### Refusal to Produce Complete Records, Pathology Materials/Slides and/or Paraffin Block

8.1 Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

8.2 On March 27, 2014, counsel for Plaintiff sent a request by Certified Mail/Return Receipt Requested to Christus Spohn Hospital-Memorial, Health Information Management Department,

requesting *any and all biopsy slide(s) in the possession of CHRISTUS Spohn Hospital Corpus Christi - Memorial and/or its affiliates, agents, staff and/or representatives pertaining to Accession #12-MS-1099 for Karen Pugh Wright (d/o/b 09/16/54) which was collected on May 18, 2012, MR # 00242292. If the original slide(s) are unavailable, we then request that duplicate slide(s) be made.* A representative of Christus Spohn Hospital-Memorial received and signed for the letter on March 31, 2014 but never responded. Since such request to the present, Plaintiff's counsel's office has made numerous calls to Christus Spohn Hospital-Memorial's Health Information Management Department, IOD Incorporated (the records management company for Christus Spohn Hospital-Memorial) and finally, the pathology lab, requesting a status on the request made on behalf of Plaintiff.

8.3     On May 29, 2014 Plaintiff's counsel's office was finally able to speak with the individual responsible for responding to such pathology requests and was told by that individual that despite a representative of Christus Spohn Hospital-Memorial having received and signed for the request sent on March 27, 2014 by Certified Mail/Return Receipt Requested, she had no prior knowledge of the same nor had she received any calls/messages regarding the status of the request of March 27, 2014. Counsel for Plaintiff was further instructed to re-send the request, along with a check for the research fee of $35.00. On May 29, 2014, a second formal request, along with the check for the research fee, was re-sent and faxed to the representative of Christus Spohn Hospital-Memorial's pathology lab.

8.4     As of the date of this filing and despite numerous calls to the representative of Christus Spohn Hospital - Memorial's pathology lab, counsel for Plaintiff has received no response to its request for the original pathology materials/slides or a duplicate set.

8.5     On April 23, 2014, counsel for Plaintiff sent by Certified Mail/Return Receipt Requested, a Notice of Healthcare Liability Claim to the appropriate representatives and registered agent

for Defendant requesting that they, pursuant to the Medical Liability and Insurance Improvement Act, Section 74.051 of the TEX. CIV. PRAC. & REM. CODE, provide counsel for Plaintiff with a complete and unaltered copy of its patient medical records, patient billing records, patient pathology reports, an inventory of pathology materials and the original or duplicate pathology materials pertaining to Karen Pugh Wright within forty-five (45) days of its receipt of counsel for Plaintiff's Notice of Healthcare Liability Claim of April 23, 2014. With regard to the patient pathology materials, counsel for Plaintiff specifically requested the release of any and all of the original glass slides and/or paraffin blocks or other materials in the possession of Defendant Cytometry Specialists, Inc. d/b/a CSI Laboratories and/or its partners, affiliates, agents, staff and/or representatives pertaining to Karen Pugh Wright and regarding Accession # 12-MR-44 which was collected by Christus Spohn Hospital Memorial Laboratory on May 17, 2012 and received by Cytometry Specialists, Inc. d/b/a CSI Laboratories on May 18, 2012; and Accession # 12-MS-1099 which was collected by Christus Spohn Hospital Memorial Laboratory on May 18, 2012 and received by Cytometry Specialists, Inc. d/b/a CSI Laboratories on May 22, 2012. Counsel for Plaintiff advised that if the original patient pathology glass slides and/or paraffin blocks or other materials are unavailable, counsel then requested that patient pathology glass slides and/or paraffin blocks or other materials be re-cut and/or duplicated and promptly provided to counsel's office.

8.6     On June 2, 2014, counsel for Defendant provided counsel for Plaintiff with a copy of the Diagnostic Consultation (2 pages), the FISH Analysis Report and the Molecular Report from Defendant.

8.7     On June 3, 2014, counsel for Plaintiff sent another request to counsel for Defendant via facsimile, again requesting the records, an inventory of pathology materials and the original or duplicate pathology materials pertaining to Karen Pugh Wright in Defendant's possession, as well as requesting

the specific pathology materials referenced in the Diagnostic Consultation (2 pages), the FISH Analysis Report and the Molecular Report which was provided by counsel for Defendant on June 2, 2014. Counsel for Plaintiff asked to receive all such items no later than Monday, June 15, 2014.

8.8     As of this date, Defendant has failed to adequately respond to counsel for Plaintiff's requests which constitutes a willful violation of Tex. Occ. Code § 159.006 in an amount to be established at trial.

## IX.

### Vicarious Liability

9.1     Plaintiff would further allege that Defendant is liable for the negligence of its Medical Director, Lawrence Herzberg, M.D.; its physicians and/or pathologists, known and unknown, who tested and/or examined the blood samples and material specimens taken from Plaintiff in order to render a medically specialized expert diagnosis, opinion, result, final result, interpretation and/or recommendation, including but not limited to, Stephanie Schniederjan, M.D., Steve Kargas, M.D., PhD. and Jose Mira, M.D.; its medical staff, technicians, assistants and other personnel who received, identified, inventoried, handled and stored the blood samples and material specimens taken from Plaintiff in order for Defendant to render a medically specialized expert diagnosis, opinion, result, final result, interpretation and/or recommendation, based upon the legal doctrines of *respondeat superior*, agency, ostensible agency, joint venture, joint enterprise, course of scope of employment and/or partnership.

## X.

### Damages

10.1  Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

10.2  As a result of Defendant's actions as described herein, Plaintiff has suffered damages including physical pain and suffering, mental anguish sustained in the past, mental anguish that in reasonable probability Plaintiff will sustain in the future, medical expenses incurred in the past, and medical care and expenses that, in reasonable probability, Plaintiff will sustain in the future.

10.3  Plaintiff further requests recovery of pre-judgment interest and post-judgment interest at the statutory rate or at such other rate as is set by this Court.

## XI.

### Prayer and Request for Relief

11.1  Because of all of the above and foregoing, Plaintiff KAREN PUGH WRIGHT has been damaged and will be damaged in relation to her actual losses in the amount of $500,000.00 for which she now brings suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff KAREN PUGH WRIGHT, prays that Defendant CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES be cited to appear and answer herein; that upon final hearing herein that Plaintiff KAREN PUGH WRIGHT recover her damages as set forth above from said Defendant, including costs of court, pre-judgment and post-judgment interest at the legal rates, and have such other and further relief, both general and special, at

law and in equity, to which Plaintiff KAREN PUGH WRIGHT may be justly entitled under all of the attending facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF RONALD WARDELL, P.C.**

By: _____
Ronald Wardell
TBN 20856400
5599 San Felipe, Suite 104
Houston, Texas 77056
Telephone (713) 355-4343
Facsimile (713) 355-4242

Attorneys for Plaintiff KAREN PUGH WRIGHT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Original Petition, as well as this Certificate of Service, along with Plaintiff's Request for Disclosure have been electronically filed with the Court through EfileTxCourts.gov for service of citation by private process upon Defendant CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES by serving its registered agent for service of process/CFO/Secretary, Mr. M. H. Ghafary, at 2580 Westside Parkway, Alpharetta, Fulton County, Georgia 30004, on this 25th day of July, 2014.

Filed
7/28/2014 2:37:31 PM
Patsy Perez
District Clerk
Nueces County, Texas

CAUSE NO. 2014CCV-61515-3

| | | |
|---|---|---|
| KAREN PUGH WRIGHT | § § § | IN THE COUNTY COURT |
| VS. | § § § § | AT LAW NO._____ |
| CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES | § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

On this date Plaintiff has prepared the following discovery:

1. Plaintiff's Requests for Disclosures to Defendant CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES.

A complete and legible copy of the above-referenced discovery is being filed and served upon Defendant, along with Plaintiff's Original Petition, by Citation of service by private process at the addresses noted therein.

Respectfully submitted,

**LAW OFFICES OF RONALD WARDELL, P.C.**

By:_____
Ronald Wardell
TBN 20856400
5599 San Felipe, Suite 104
Houston, Texas 77056
Telephone (713) 355-4343
Facsimile (713) 355-4242

**Attorneys for Plaintiff KAREN PUGH WRIGHT**

-1-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Original Petition, as well as this Certificate of Service, along with Plaintiff's Request for Disclosure have been electronically filed with the Court through EfileTxCourts.gov for service of citation by private process upon Defendant CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES by serving its registered agent for service of process/CFO/Secretary, Mr. M. H. Ghafary, at 2580 Westside Parkway, Alpharetta, Fulton County, Georgia 30004, on this 25th day of July, 2014.

**RONALD WARDELL**

Filed
7/28/2014 2:37:31 PM
Patsy Perez
District Clerk
Nueces County, Texas

CAUSE NO. 2014CCV-61515-3

| | | |
|---|---|---|
| KAREN PUGH WRIGHT | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO._____ |
| | § | |
| | § | |
| CYTOMETRY SPECIALISTS, INC. | § | |
| d/b/a CSI LABORATORIES | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURES
## TO DEFENDANT CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES

TO: Defendant CYTOMETRY SPECIALISTS, INC. d/b/a CSI LABORATORIES by serving its registered agent /CFO/Secretary, Mr. M. H. Ghafary, for service of Citation by private process, at 2580 Westside Parkway, Alpharetta, in Fulton County, Georgia 30004.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material set forth below:

1. Rule 194.2(a)--the correct names of the parties to the lawsuit;

2. Rule 194.2(b)--the name, address, and telephone number of any potential parties;

3. Rule 194.2(c)--the legal theories and, in general, the factual bases of the responding party's claims or defenses;

4. Rule 194.2(d)--the amount and method of calculating economic damages;

5. Rule 194.2(e)--the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

6. Rule 194.2(f)--for any testifying expert:

   a. the expert's name, address, and telephone number;

   b. the subject matter on which the expert will testify;

-1-

    c.    the general substance of the expert's mental impressions and opinions and a brief summary of the bases for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information; and

    d.    if the expert is retained by, employed by, or otherwise subject to the control of the responding party, please produce:

        (i)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (ii)    the expert's current resume and bibliography.

7.    Rule 194.2(g)–any indemnity and insuring agreements described in Rule 192.3(f);

8.    Rule 194.2(h)–any settlement agreements described in Rule 192.3(g);

9.    Rule 194.2(i)–any witness statements described in Rule 192.3(h);

10.    Rule 194.2(j)–in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting disclosure of such medical records and bills; and

11.    Rule 194.2(k)–in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

You are advised that you must serve a written response to the requesting party within fifty (50) days after service of this request. Copies of all documents and tangible items responsive to this request must be served with your responses to the undersigned attorney.

Respectfully submitted.

**LAW OFFICES OF RONALD WARDELL, P.C.**

By: _____
Ronald Wardell
TBN 20856400
5599 San Felipe, Suite 104
Houston, Texas 77056
Telephone: (713) 355-4343
Facsimile: (713) 355-4242

**Attorneys for Plaintiff KAREN PUGH WRIGHT**

-3-

Filed
7/28/2014 2:37:31 PM
Patsy Perez
District Clerk
Nueces County, Texas

# CIVIL CASE INFORMATION SHEET
## 2014CCV-61515-3

CAUSE NUMBER (FOR CLERK USE ONLY): _____ COURT (FOR CLERK USE ONLY): _____

STYLED Karen Hugh Wright v. Cytometry Specialists, Inc.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Ronald Wardell | Email: rwardell@wardell firm.com | Plaintiff(s)/Petitioner(s): Karen Hugh Wright | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 5599 San Felipe, Suite 724 | Telephone: 713/355-1343 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77056 | Fax: 713/355-4242 | Defendant(s)/Respondent(s): Cytometry Specialists, Inc. d/b/a CSI Laboratories | Custodial Parent: _____<br>Non-Custodial Parent: _____<br>Presumed Father: _____ |
| Signature: /s/ | State Bar No: 20856400 | [Attach additional page as necessary to list all parties] | |

2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐ Enforcement |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/Condemnation | ☐ Annulment | ☐ Modification—Custody |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Other |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | **Title IV-D** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | ☐ Enforcement/Modification |
| ☐ Other Debt/Contract | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Paternity |
| | ☐ Legal | | | ☐ Reciprocals (UIFSA) |
| *Foreclosure* | ☒ Medical | | | ☐ Support Order |
| ☐ Home Equity – Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus – Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Partnership | ☐ Other Product Liability List Product: _____ | ☐ Other: _____ | ☐ Other: | ☐ Grandparent Access |
| ☐ Other Contract: | | | | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: _____ |

3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

2014CCV-61515-3

**RETURN OF SERVICE**
KAREN PUGH WRIGHT
VS.
CYTOMETRY SPECIALISTS, INC.

COUNTY COURT AT LAW NO. 3

Name

**ADDRESS FOR SERVICE**
Cytometry Specialists Inc
By Serving Its Registered
Agent/CFO/secretary
MH Ghafary
2580 Westside Parkway
Alpharetta GA 30004

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____ m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:
Serving Petition and Copy   $_____
Total                       $_____

By _____

_____, Officer
_____, County, Texas
_____, Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)

address is _____
           (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20____.

Declarant / Authorized Process Server

ID# & Expiration of Certification